## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ANDRE JOHNSON (#375946)**                                **CIVIL ACTION**

**VERSUS**

                                                            **20-814-BAJ-RLB**

**LUKE RHEAMS, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 14, 2022.

                                                    _____
                                                    **RICHARD L. BOURGEOIS, JR.**
                                                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANDRE JOHNSON (#375946)                                    CIVIL ACTION

VERSUS

                                                           20-814-BAJ-RLB

LUKE RHEAMS, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Luke Rheams, James LeBlanc, Joseph F.G. Lamartiniere, James Cruze, and Brent Thompson complaining that his constitutional rights were violated in connection with a disciplinary proceeding. He seeks monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, as amended, the plaintiff alleges that defendant Rheams falsely documented, at a disciplinary hearing on December 3, 2019, that the plaintiff pled guilty to a rule violation and was sentenced to 12 weeks loss of telephone access and yard access. The plaintiff never pled guilty to an infraction, and the actions of defendant Rheams were taken in retaliation for the plaintiff's filing of civil suits and grievances against other officers. All defendants refused to listen to the audio recording of the December 3, 2019 disciplinary hearing to confirm that the plaintiff had not pled guilty.

As to any claims the plaintiff may be asserting against the defendants in their official capacities, section 1983 does not provide a federal forum for a litigant who seeks the recovery of monetary damages against state officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id.* at 25. Accordingly, the plaintiff's claim for monetary damages asserted

against the defendants in their official capacities is subject to dismissal. In contrast, the plaintiff's claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the plaintiff is not entitled to the recovery of compensatory damages in this case because he has not alleged a physical injury sufficient to support such recovery. Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. Accordingly, this aspect of the plaintiff's claim should be rejected.

Although the plaintiff might still be entitled to recover nominal or punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), he would need to establish some constitutional violation by the defendants in order to merit such recovery. In this regard, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved. *Mahogany v. Miller,* 252 F.App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id.* at 373-74.

This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").

Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989). Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights. *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

Moreover, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court noted that, in some rare situations, an inmate may be entitled to procedural Due Process when state action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force. Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). It is only those restrictions that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Thus, while *Sandin* made it clear that punishments that impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or that impose "atypical

and significant hardship[s] ... in relation to the ordinary incidents of prison life" will give rise to the protection afforded by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. *Sandin,* 515 U.S. at 484. In the instant case, the plaintiff was sentenced to 12 weeks loss of telephone and yard access. This punishment does not amount to disciplinary action that infringes upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment.[1] *See Watkins v. Lnu*, 547 F. App'x. 409, 410 (5th Cir. 2013) (three-month loss of commissary, visitation, and telephone privileges did not implicate a liberty interest protected by the Due Process Clause) and *Moran v. LeBlanc,* 2020 WL 6852851 (W.D. La. Oct. 9, 2020) (sentence of eight weeks loss of yard and recreation and eight weeks loss of phone does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns.)

Turning to the plaintiff's retaliation claim, it is prohibited for prison officials to take action against an inmate in retaliation for the inmate's exercise of his constitutional rights. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Claims of retaliation by prison inmates, however, are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution. *Woods v. Smith, supra*, 60 F.3d at 1166. Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the

---

[1] Examples of prison hardships that would qualify as atypical and significant include unwanted administration of anti-psychotic drugs, involuntary commitment to a mental hospital, and extension of the prisoner's sentence for his underlying criminal conviction. *Sandin*, 515 U.S. at 484; *see Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (addressing solitary confinement in a "Supermax" facility imposed an atypical and significant hardship to a protected liberty interest based on the existence of extenuating circumstances, including disqualification of an otherwise eligible inmate from parole consideration).

defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) that there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell, supra*, 449 F.3d at 684. *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). An inmate must allege more than his mere personal belief that he is the victim of retaliation, *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), and inasmuch as claims of retaliation are not favored, it is the plaintiff's burden to provide more than conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.
>
> *Woods v. Smith, supra*, 60 F.3d. at 1166.

Undertaking the foregoing analysis, the Court finds that the plaintiff has failed to allege that there is direct evidence of motivation or a chronology of events from which retaliation may be plausibly inferred. With regards to defendant Rheams, the plaintiff was ordered to amend his complaint to allege additional factual allegations in this regard. In his second Amended Complaint (R. Doc. 8) the plaintiff list as direct evidence of motivation or a chronology of events a series of grievances filed in 2019. None of these grievances were filed against defendant Rheams, and the plaintiff has not alleged that the date of the filing of any of these grievances coincided with the alleged actions of defendant Rheams, nor has he alleged any facts relating these grievances against other officers to alleged actions of defendant Rheams. The plaintiff also alleges a series of actions allegedly taken against him by various officers occurring between October 21, 2018, and August 31, 2019. The plaintiff has not set forth any allegations relating

these alleged actions of other officers to the alleged actions of defendant Rheams in December of 2019. Though plaintiff believes that he is the victim of retaliation, he has not alleged direct evidence of motivation or a chronology of events from which retaliation may plausibly be inferred.

To the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on February 14, 2022.

                                                                             _____
                                                                             **RICHARD L. BOURGEOIS, JR.**
                                                                             **UNITED STATES MAGISTRATE JUDGE**

---

[2] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."